**This order is SIGNED.**

Dated: October 29, 2019



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

bc

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Maxwell M. Hunter,<br><br>　　　　　　　　　Debtor. | Bankruptcy Number: 19-21181<br><br>Chapter 7 |
| Blue Ox Development LLC, a Utah Limited Liability Company,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Maxwell M. Hunter, an individual,<br><br>　　　　　　　　　Defendant. | Adversary Proceeding Number: 19-02072<br><br>Judge Kevin R. Anderson |

## ORDER GOVERNING SCHEDULING
## AND PRELIMINARY MATTERS

This matter was scheduled for an Initial Pre-Trial Conference on November 5, 2019. The parties timely filed their Report of Parties' Planning Meeting, and it is accepted by the Court. The Initial Pre-Trial Conference may be stricken and the following matters are hereby scheduled. Times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause. Pursuant thereto,

**IT IS HEREBY ORDERED** that:

1. **PLANNING MEETING**: The Report of Parties' Planning Meeting is hereby accepted.

2. **PRE-DISCOVERY DISCLOSURES**: Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 completion date November 15, 2019.

3. **DISCOVERY PLAN**: The fact discovery cut-off date in this adversary proceeding is April 10, 2020. All discovery, including responses to discovery requests, must be completed by such date. Discovery requests shall be served sufficiently in advance to require responses to such requests to have been served and filed by such date. The parties are directed to the Local Rules, including Rule 7026-1, for their application. Discovery motions, including motions to compel or for sanctions under Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037, and motions for extension of the discovery deadline, shall be filed sufficiently in advance of the discovery cut-off date to allow compliance with the date.

4. **LIMITATIONS ON DISCOVERY**. The following limitations on discovery have been fixed by the Court.

    a. Maximum interrogatories by any party to any party. Allowed under the rule

    b. Maximum requests for admissions by any party to any party. Allowed under the rule

    c. Maximum requests for production of documents by any party to any party. Allowed under the rule

    d. Maximum number of depositions by plaintiff(s). 5

    e. Maximum number of depositions by defendant(s). 5

    f. Each deposition shall be limited to a maximum of 6 hours unless extended by agreement of the parties.

    g. Deadline for Fed. R. Civ. P. 26(a)(2) and Fed. R. Bankr. P. 7026 reports from retained experts.

        i. Plaintiff(s)'s report(s) due by May 15, 2020.

        ii. Defendant(s)'s report(s) due by June 19, 2020.

    h. Supplementations under Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due 15 days of becoming aware of the duty to supplement.

5. **MOTION DEADLINE**: The deadline for joining additional parties by plaintiff(s) and by defendant(s) is allowed under the rule. The deadline for amending pleadings by plaintiff(s) and by defendant(s) is allowed under the rule. The deadline for filing dispositive or potentially dispositive motions is July 10, 2020.

6. **ATTORNEYS' CONFERENCE**: Counsel for the parties – or a party if *pro se* – shall hold a conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit

lists, witness lists and other matters that will aid in the preparation of an accurate, complete and definitive pretrial order. This conference shall be held on or before July 27, 2020, at a location that is mutually agreeable to the parties.

7. **PRETRIAL ORDER**: The parties shall file a proposed pretrial order on or before August 7, 2020. Plaintiff(s)'s counsel (or the plaintiff(s) if acting *pro se*) shall take the lead in drafting the proposed pretrial order that shall be presented for discussion at the attorneys' conference. If counsel (or the parties if acting *pro se*) is unable to agree upon a proposed pretrial order, the matter will be resolved by the Court at the final pretrial conference. If no agreement as to the proposed pretrial order has been reached, plaintiff(s)'s counsel (or plaintiff(s) if acting *pro se*) shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

   <u>Failure of plaintiff(s)'s counsel (or plaintiff(s) if acting *pro se*) to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the Court grants relief for cause shown, result in the dismissal of the adversary proceeding.</u> If defendant(s)'s counsel (or defendant(s) if acting *pro se*) fails to stipulate to the proposed pretrial order timely filed by the plaintiff(s) and fails to file timely defendant(s)'s explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the Court to prevent manifest injustice, shall control the course of the trial.

8. **FINAL PRETRIAL CONFERENCE**: A final pretrial conference shall be held on August 18, 2020, at 10:00 AM before the Honorable Kevin R. Anderson, United States Bankruptcy Judge, Courtroom 376, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah.

   At the Final Pretrial Conference, the Court will set deadlines and issue an order for the following items:

   a. Trial date

   b. Trial briefs

   c. Proposed findings and conclusions required pursuant to Local Rule 7052-1

   d. Witness and exhibits lists

9. Counsel shall consult the Local Rules of this Court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the Court, and other matters appropriate to the litigation. In the event of conflict between any Local Rule and this order, this order shall control.

10. The parties are encouraged to seek mediation of the matter, and the Court may conduct separate future status conferences to inquire as to the parties' progress.

11. **NON-COMPLIANCE WITH SCHEDULING ORDER:** Failure to comply with the deadlines set forth in this Order Governing Scheduling and Preliminary Matters may result in appropriate sanctions pursuant to Fed. R. Civ. P. 16(f)(1)[1], including the following: striking pleadings, staying further proceedings until the order is obeyed, dismissing the action, or rendering default judgment against the disobedient party. See Fed. R. Civ. P. 37(b)(2)(A).[2] The Court may impose such sanctions without further notice or hearing.

If the parties cannot meet a deadline or agree to extend deadlines, the parties must take appropriate action to request an extension from the Court prior to the expiration of the deadlines set forth in this Order.

END OF DOCUMENT

---

[1] As made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7016.
[2] As made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7037.

## DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing Order Governing Scheduling and Preliminary Matters shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

Chad Rasmussen chad@alpinalegal.com

Mark Rose mrose@mbt-law.com

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Blue Ox Development LLC
c/o Chad Rasmussen
Alpina Legal
2230 N. University Pkwy #7E
Provo, UT 84604

Maxwell M. Hunter
4100 South Diana Way
Salt Lake City, UT 84124